UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>MIGUEL E. MIRELES,<br>    Defendant. | Case No. 5:21-cv-00138 |

## UNITED STATES OF AMERICA'S COMPLAINT

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against Miguel E. Mireles to reduce to judgment and collect outstanding civil penalties assessed against Miguel E. Mireles for his non-willful failure to timely report his financial interest in foreign bank accounts as required by 31 U.S.C. § 5314 and its implementing regulations, plus accrued interest on the assessed penalties, late payment penalties and associated fees. In support hereof, the United States alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty and the United States is the Plaintiff. Further, upon completion of service of process, this Court will have personal jurisdiction over Miguel E. Mireles pursuant to Fed. R. Civ. P. 4(k).

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because Miguel E. Mireles is a United States citizen whose last known address was in Laredo, Texas. Alternatively, venue may be proper under 28 U.S.C. §§ 1391(c) and 1395.

1

## MIRELES FAILED TO TIMELY REPORT HIS FINANCIAL INTEREST IN HIS FOREIGN BANK ACCOUNTS

3.  31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

4.  Under 31 C.F.R. § 1010.350, an individual must report foreign accounts in which he/she has a financial interest. 31 C.F.R. § 1010.350(e)(1)(ii) provides that a financial interest includes a corporation/entity in which the United States person owns directly or indirectly more than 50 percent of the voting power or the total value of the shares or profits interest or equity.

5.  To fulfill this foreign account reporting requirement, a person must file a Form TD F 90-22.1 (2006-2012) or a FinCEN Form 114 (2013) "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the 2006 through 2013 years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).[1]

6.  Mireles is originally from Mexico. Mireles is a U.S. citizen and resides in Laredo, Texas. At all times from the 2006 through 2013 years at issue, Mr. Mireles was a U.S. citizen. Thus, Mr. Mireles was a United States person as defined in 31 C.F.R. § 1010.350 for the years 2006 through 2013.

---

[1] Starting for year 2016 the due date of the FBAR form was April 15 of the following year. See Pub. L. No. 114-41, § 2006(b)(11).

7. Upon information and belief, Mireles has a master's degree in administration with a specialization in finance from Texas A & M at Laredo.

8. In 1995, Mireles established a foreign company in Mexico called Enrique Mireles Y Compania, S.C., (hereinafter "EMYC"). EMYC provided customs brokerage services, processed foreign trade operations and border trade services for goods transferred between the United States and Mexico and vice versa.

9. During the years at issue Mireles was a Mexico Customs Broker and used EMYC for this brokerage business. During the 2006-2013 years at issue Mireles controlled EMYC.

10. During the 2006-2013 years at issue EMYC was owned 60% by Mireles, 30%, by his wife, Martha Mireles and the remaining 20% by his son. Thus, during the 2006-2013 years at issue Mireles owned greater than 50% of EMYC as defined in 31 C.F.R. § 1010.350(e)(1)(ii).

11. On March 30, 2011, Mireles filed an FBAR for the 2010 year but, only reported Banco Banamex accounts no. xxxxxx2836 and xxxxx0080 that were held in his name. Mireles did not report any other foreign accounts.

12. Mr. Mireles also failed to disclose on his 2006 through 2011 federal income tax returns that he had foreign bank accounts. Mireles did not include a Schedule B as part of his income tax return for every year from 2006 through 2011.

13. During the 2006-2012 years at issue, Mireles failed to include $433,463 of foreign wages earned by him and his wife on Mireles' federal income tax returns.

14. During the 2006-2009, and 2011 tax years at issue, Mireles failed to inform his U.S. federal tax return preparer that he had ownership interest in foreign accounts and foreign entities.

*Miguel E. Mireles had a financial interest in, or signature authority over, numerous foreign bank accounts for years 2006 through 2013.*

## *2006*

15. In 2006, Mr. Mireles had signature authority or control over, or an interest in, the following foreign bank accounts:

| Name on Account | Name of Bank | Account Number | Bank Location | Reported Maximum amount in account |
|---|---|---|---|---|
| Enrique Mireles Y Compania, S.C. ("EMYC") | Banamex | XXXXXX6284 | Mexico | $377,425 |
| EMYC | Banamex | XXXXXX4983 | Mexico | $ 464 |
| EMYC | Banorte | XXXX8591 | Mexico | $166,464 |
| EMYC | Banorte | XXXXX7793 | Mexico | $ 26,141 |
| EMYC | BBVA Bancomer | XXXXXX0503 | Mexico | $153,690 |
| EMYC | BBVA Bancomer | XXXXXX9765 | Mexico | $ 44,431 |
| EMYC | BBVA Bancomer | XXXXXX1352 | Mexico | $ 10,364 |
| EMYC | Santander Bank | XXXXXXX3317 | Mexico | $78,173 |
| EMYC | HSBC Bank | XXXXXX4903 | Mexico | $88,535 |

16. The aggregate balance in all of EMYC foreign accounts exceeded $10,000 in 2006. Mireles had signature authority over EMYC's accounts in 2006. Mireles owned greater than 50% of EMYC in 2006. Thus, on or before June 30, 2007, Mireles was required to file an FBAR reporting his interest in each of the foreign bank accounts for 2006 listed in paragraph 15.

17. Mireles failed to timely file an FBAR for 2006 reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 15.

18. On September 4, 2015, Mireles filed a late FBAR for the 2006 year reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 15.

19. Mireles' failure to timely report his financial interest in his foreign bank accounts for 2006 was non-willful.

## *2007*

20.    In 2007, Mr. Mireles had signature authority or control over, or an interest in, the following foreign bank accounts:

| Name on Account | Name of Bank | Account Number | Bank Location | Reported Maximum amount in Account |
|---|---|---|---|---|
| Enrique Mireles Y Compania, S.C. ("EMYC") | Banamex | XXXXXX6284 | Mexico | $444,850 |
| EMYC | Banamex | XXXXXX4983 | Mexico | $ 20,481 |
| EMYC | Banorte | XXXX8591 | Mexico | $174,912 |
| EMYC | Banorte | XXXXX7793 | Mexico | $ 18,487 |
| EMYC | BBVA Bancomer | XXXXXX0503 | Mexico | $220,149 |
| EMYC | BBVA Bancomer | XXXXXX9765 | Mexico | $ 56,866 |
| EMYC | BBVA Bancomer | XXXXXX1352 | Mexico | $ 10,375 |
| EMYC | Santander Bank | XXXXXXX3317 | Mexico | $ 91,750 |
| EMYC | HSBC Bank | XXXXXX4903 | Mexico | $ 57,644 |

21.    The aggregate balance in all of EMYC foreign accounts exceeded $10,000 in 2007. Mireles had signature authority over EMYC's accounts in 2007. Mireles owned greater than 50% of EMYC in 2007. Thus, on or before June 30, 2008, Mireles was required to file a FBAR reporting his interest in each of these foreign bank accounts for 2007 listed in paragraph 20.

22.    Mr. Mireles failed to timely file a FBAR for 2007 reporting his signature authority or control over, or interest in, all of the foreign accounts listed in paragraph 20.

23.    On September 4, 2015, Mireles filed a late FBAR for the 2007 year reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 20.

24.    Mireles' failure to timely report his financial interest in his foreign bank accounts for 2007 was non-willful.

5

## *2008*

25. In 2008, Mr. Mireles had signature authority or control over, or an interest in, the following foreign bank accounts:

| Name on Account | Name of Bank | Account Number | Bank Location | Reported Maximum value amount |
|---|---|---|---|---|
| Enrique Mireles Y Compania, S.C. ("EMYC") | Banamex | XXXXXX6284 | Mexico | $103,581 |
| EMYC | Banamex | XXXXXX4983 | Mexico | $ 14,768 |
| Miguel Mireles | Banamex | XXXXXX2836 | Mexico | $ 21,634 |
| EMYC | Banorte | XXXX8591 | Mexico | $264,499 |
| EMYC | Banorte | XXXXX7793 | Mexico | $ 35,382 |
| EMYC | BBVA Bancomer | XXXXXX0503 | Mexico | $175,304 |
| EMYC | BBVA Bancomer | XXXXXX9765 | Mexico | $ 53,462 |
| EMYC | BBVA Bancomer | XXXXXX1352 | Mexico | $ 7,358 |
| EMYC | Santander Bank | XXXXXXX3317 | Mexico | $ 92,159 |
| EMYC | HSBC Bank | XXXXXX4903 | Mexico | $ 41,475 |

26. The aggregate balance in all of EMYC foreign accounts exceeded $10,000 in 2008. Mireles had signature authority over EMYC's accounts in 2008. Mireles owned greater than 50% of EMYC in 2008. Thus, on or before June 30, 2009, Mr. Mireles was required to file a FBAR reporting his interest in each of these foreign bank accounts listed in paragraph 25 for 2008.

27. Mr. Mireles failed to timely file FBARs reporting his signature authority or control over, or interest in, all of the foreign accounts listed in paragraph 25 for 2008.

28. On September 4, 2015, Mireles filed a late FBAR for the 2008 year reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 25.

29. Mireles' failure to timely report his financial interest in his foreign bank accounts for 2008 was non-willfull.

6

## *2009*

30. In 2009, Mr. Mireles had signature authority or control over, or in interest, in the following foreign bank accounts:

| Name on Account | Name of Bank | Account Number | Bank Location | Reported Maximum value amount |
|---|---|---|---|---|
| Enrique Mireles Y Compania, S.C. ("EMYC") | Banamex | XXXXXX6284 | Mexico | $230,597 |
| EMYC | Banamex | XXXXXX4983 | Mexico | $ 35,107 |
| Miguel Mireles | Banamex | XXXXXX2836 | Mexico | $ 25,145 |
| EMYC | Banorte | XXXX8591 | Mexico | $ 74,494 |
| EMYC | Banorte | XXXXX7793 | Mexico | $ 26,141 |
| EMYC | BBVA Bancomer | XXXXXX0503 | Mexico | $332,590 |
| EMYC | BBVA Bancomer | XXXXXX9765 | Mexico | $ 88,124 |
| EMYC | BBVA Bancomer | XXXXXX1352 | Mexico | $ 15,839 |
| EMYC | Santander Bank | XXXXXXX3317 | Mexico | $150,505 |
| EMYC | HSBC Bank | XXXXXX4903 | Mexico | $ 84,607 |

31. The aggregate balance in all of EMYC and Mireles' foreign accounts exceeded $10,000 in 2009. Mireles had signature authority over EMYC's accounts in 2009. Mireles owned greater than 50% of EMYC in 2009. Thus, on or before June 30, 2010, Mr. Mireles was required to file a FBAR reporting his interest in each of these foreign bank accounts listed in paragraph 30 for 2009.

32. Mr. Mireles failed to timely file FBARs reporting his signature authority or control over, or interest in, all of the foreign accounts listed in paragraph 30 for 2009.

33. On September 4, 2015, Mireles filed a late FBAR for the 2009 year reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 30.

34. Mireles' failure to timely report his financial interest in his foreign bank accounts for 2009 was non-willful.

## *2010*

35. In 2010, Mr. Mireles had signature authority or control over, or an interest in, the following foreign bank accounts:

| Name on Account | Name of Bank | Account Number | Bank Location | Reported Maximum value amount |
|---|---|---|---|---|
| EMYC | Banamex | XXXXXX6284 | Mexico | $481,954 |
| EMYC | Banamex | XXXXXX4983 | Mexico | $ 35,107 |
| Miguel Mireles | Banamex | XXXXXX2836 | Mexico | $  2,213 |
| EMYC | Banorte | XXXX8591 | Mexico | $ 68,018 |
| EMYC | Banorte | XXXXX7793 | Mexico | $ 26,437 |
| EMYC | BBVA Bancomer | XXXXXX0503 | Mexico | $174,443 |
| EMYC | BBVA Bancomer | XXXXXX9765 | Mexico | $154,459 |
| EMYC | BBVA Bancomer | XXXXXX1352 | Mexico | $ 45,483 |
| EMYC | Santander Bank | XXXXXXX3317 | Mexico | $160,775 |
| EMYC | HSBC Bank | XXXXXX4903 | Mexico | $259,475 |

36. The aggregate balance in all of EMYC's foreign accounts exceeded $10,000 in 2010. Mireles had signature authority over EMYC's accounts in 2010. Mireles owned greater than 50% of EMYC in 2010. Thus, on or before June 30, 2011, Mr. Mireles was required to file a FBAR reporting his interest in each of these foreign bank accounts listed in paragraph 35 for 2010.

37. On March 30, 2011, Mireles filed an FBAR for the 2010 year but, only reported Banco Banamex accounts no. xxxxxx2836 and xxxxx0080 that were held in his name. Mireles did not report any other foreign accounts.

38. Mr. Mireles failed to timely file a FBAR reporting his signature authority or control over, or interest in, all of the foreign accounts listed in paragraph 35 for 2010, except for Banamex account no. xxxxxx2836.

39. On September 4, 2015, Mireles filed another FBAR for the 2010 year reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 35.

40. Mireles' failure to timely report his financial interest in all his foreign bank accounts for 2010 was non-willful.

## *2011*

41. In 2011, Mr. Mireles had signature authority, control, or an interest in the following foreign bank accounts:

| Name on Account | Name of Bank | Account Number | Bank Location | Reported Maximum value amount |
|---|---|---|---|---|
| EMYC | Banamex | XXXXXX6284 | Mexico | $219,848 |
| EMYC | Banamex | XXXXXX4983 | Mexico | $ 12,607 |
| Miguel Mireles | Banamex | XXXXXX2836 | Mexico | $ 5,634 |
| EMYC | Banorte | XXXX8591 | Mexico | $151,187 |
| EMYC | Banorte | XXXXX7793 | Mexico | $ 14,005 |
| EMYC | BBVA Bancomer | XXXXXX0503 | Mexico | $327,334 |
| EMYC | BBVA Bancomer | XXXXXX9765 | Mexico | $401,424 |
| EMYC | BBVA Bancomer | XXXXXX1352 | Mexico | $ 16,748 |
| EMYC | Santander Bank | XXXXXXX3317 | Mexico | $124,960 |
| EMYC | HSBC Bank | XXXXXX4903 | Mexico | $114,923 |

42. The aggregate balance in all of EMYC and Mireles foreign accounts exceeded $10,000 in 2011. Mireles had signature authority over EMYC's accounts in 2011. Mireles owned greater than 50% of EMYC in 2011. Thus, on or before June 30, 2012, Mr. Mireles was

9

required to file a FBAR reporting his interest in each of these foreign bank accounts listed in paragraph 41 for 2011.

43. Mr. Mireles failed to timely file a FBAR reporting his signature authority or control over, or interest in, all of the foreign accounts listed in paragraph 41 for 2011.

44. On September 4, 2015, Mireles filed a late FBAR for the 2011 year reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 41.

45. Mireles' failure to timely report his financial interest in his foreign bank accounts for 2011 was non-willful.

## 2012

46. In 2012, Mr. Mireles had signature authority, control, or an interest in the following foreign bank accounts:

| Name on Account | Name of Bank | Account Number | Bank Location | Reported Maximum value amount |
|---|---|---|---|---|
| EMYC | Banamex | XXXXXX6284 | Mexico | $268,529 |
| EMYC | Banamex | XXXXXX4983 | Mexico | $ 12,607 |
| Miguel Mireles | Banamex | XXXXXX2836 | Mexico | $ 48,835 |
| EMYC | Banorte | XXXX8591 | Mexico | $ 92,417 |
| EMYC | Banorte | XXXXX7793 | Mexico | $ 9,335 |
| EMYC | BBVA Bancomer | XXXXXX0503 | Mexico | $386,412 |
| EMYC | BBVA Bancomer | XXXXXX9765 | Mexico | $471,310 |
| EMYC | BBVA Bancomer | XXXXXX1352 | Mexico | $ 9,928 |
| EMYC | Santander Bank | XXXXXXX3317 | Mexico | $239,669 |
| EMYC | HSBC Bank | XXXXXX4903 | Mexico | $ 54,228 |

47. The aggregate balance in all of EMYC and Mireles' foreign accounts exceeded $10,000 in 2012. Mireles had signature authority over EMYC's accounts in 2012. Mireles owned greater than 50% of EMYC in 2012. Thus, on or before June 30, 2013, Mr. Mireles was

10

required to file a FBAR reporting his interest in each of these foreign bank accounts listed in paragraph 46 for 2012.

48. Mr. Mireles failed to timely file a FBAR reporting his signature authority or control over, or interest in, all of the foreign accounts listed in paragraph 46 for 2012.

49. On September 4, 2015, Mireles filed a late FBAR for the 2012 year reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 46.

50. Mireles' failure to timely report his financial interest in his foreign bank accounts for 2012 was non-willful.

## 2013

51. In 2013, Mr. Mireles had signature authority, control, or an interest in the following foreign bank accounts:

| Name on Account | Name of Bank | Account Number | Bank Location | Reported Maximum value amount |
| --- | --- | --- | --- | --- |
| EMYC | Banamex | XXXXXX6284 | Mexico | $213,768 |
| EMYC | Banamex | XXXXXX4983 | Mexico | $ 18,834 |
| Miguel Mireles | Banamex | XXXXXX2836 | Mexico | $ 14,322 |
| EMYC | Banorte | XXXX8591 | Mexico | $122,495 |
| EMYC | Banorte | XXXXX7793 | Mexico | $ 23,258 |
| EMYC | BBVA Bancomer | XXXXXX0503 | Mexico | $836,166 |
| EMYC | BBVA Bancomer | XXXXXX9765 | Mexico | $430,241 |
| EMYC | BBVA Bancomer | XXXXXX1352 | Mexico | $ 12,711 |
| EMYC | Santander Bank | XXXXXXX3317 | Mexico | $270,498 |
| EMYC | HSBC Bank | XXXXXX4903 | Mexico | $ 35,163 |
| EMYC | Banco Bicentenario | XXXXXXX0944 | Mexico | $667,341 |

52. The aggregate balance in all of EMYC and Mireles' foreign accounts exceeded $10,000 in 2013. Mireles had signature authority over EMYC's accounts in 2013. Mireles owned greater than 50% of EMYC in 2013. Thus, on or before June 30, 2014, Mr. Mireles was

required to file a FBAR reporting his interest in each of these foreign bank accounts listed in paragraph 51 for 2013.

53. Mr. Mireles failed to timely file a FBAR reporting his signature authority or control over, or interest in, all of the foreign accounts listed in paragraph 51 for 2013.

54. On September 4, 2015, Mireles filed a late FBAR for the 2013 year reporting his signature authority or control over, or interest in, all the foreign accounts listed in paragraph 51.

55. Mireles' failure to timely report his financial interest in his foreign bank accounts for 2013 was non-willful.

## COUNT 1
## Judgment for FBAR Penalties

56. For violations involving the non-willful failure to report the existence of a foreign account, the maximum amount of the penalty that may be assessed is $10,000 per account. 31 U.S.C. § 5321(a)(5)(B)(i).

57. Mr. Mireles failed to timely file FBARs for 2006 through 2013 reporting all of the foreign bank accounts listed in **paragraphs 15, 20, 25, 30, 35, 41, 46 and 51, respectively.** Mr. Mireles's failure to timely report his financial interest in, or signature authority over, all of his foreign bank accounts was non-willful.

58. Due to Mr. Mireles's non-willful failure to timely file FBARs reporting his financial interest in, or signature authority over, the foreign bank accounts listed in paragraphs **15, 20, 25, 30, 35, 41, 46 and 51,** a delegate of the Treasury Secretary assessed a $10,000 penalty per account violation against him on November 7, 2019, pursuant to 31 U.S.C. § 5321(a)(5) as follows:

| Tax Year | FBAR Account Violations | Aggregate Amount of Assessments |
|---|---|---|
| 2006 | 9 | $ 90,000 |
| 2007 | 9 | $ 90,000 |
| 2008 | 10 | $100,000 |
| 2009 | 10 | $100,000 |
| 2010 | 10 | $100,000 |
| 2011 | 10 | $100,000 |
| 2012 | 10 | $100,000 |
| 2013 | 11 | $110,000 |
|  |  | **Total:** **$790,000** |

59. A delegate of the Treasury Secretary gave Mr. Mireles notice and demand of the FBAR penalty assessments for the years 2006 through 2013. Despite the notice and demand for payment, Mr. Mireles has failed to pay the FBAR penalties assessed against him. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

60. Because Mr. Mireles reported one of his foreign accounts on a timely filed FBAR for the 2010 year, the IRS should have assessed a penalty of only $10,000 for nine unreported accounts in 2010 rather than ten accounts - which would total only $90,000 rather than $100,000. Accordingly, this suit seeks a judgement for only $90,000 in FBAR penalty for 2010.

61. As of November 13, 2020, Mr. Mireles owed the United States $835,647.12 in aggregate FBAR penalties for the 2006-2013 years assessed under 31 U.S.C. § 5321, including, interest and other statutory additions that have accrued, and will continue to accrue, as provided by law.

***The FBAR penalty assessments against Miguel E. Mireles for years 2006 through 2013 were timely.***

62. The IRS' assessments of the FBAR penalties for the years 2006 through 2013 were timely. Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations on the assessment of an FBAR penalty is six years from the date of the violation. The date of the violations for statute of limitations calculations is the date the Form TD F 90-22.1 is due, which is June 30 of the

subsequent calendar year. For example, the FBAR for the earliest year at issue – the 2006 year – was due on June 30, 2007. Thus, the statute of limitations for assessment for 2006 year was June 30, 2013.

63. However, Mr. Mireles signed at least three separate consents to extend the time to assess Civil Penalties provided by 31 U.S.C. § 5321 for FBAR violations (FBAR penalties) for the 2006 through 2013 years, which extended the statute of limitation for assessment for FBAR penalties for these years to December 31, 2019. Accordingly, the IRS had to assess the FBAR penalties for the 2006 through 2013 years before December 31, 2019. The FBAR penalties for 2006 through 2013 were timely assessed on November 7, 2019.

64. Likewise, this suit is timely because it was commenced within two years of the assessment date. Pursuant to 31 U.S.C. § 5321(b)(2), a suit to reduce to judgment an FBAR assessment must be commenced within two years from the date of assessment. Since the FBAR penalties for the years 2006 through 2013 were assessed on November 7, 2019, the United States has until November 7, 2021,[2] to timely file this suit.

WHEREFORE, the United States of America requests as follows:

A. That the Court enter judgment in favor of the United States against Miguel E. Mireles for his FBAR penalty assessments for the years 2006 through 2013 in the aggregate amount of $835,647.12 as of November 13, 2020, plus accruals of late payment penalties, collection costs and interest under 31 U.S.C. § 3717, 31 C.F.R. §§ 5.5(a) and 901.9; and

B. That the Court order any other relief that is just and proper.

---

[2] November 7, 2021 falls on a Sunday. Therefore, the actual deadline to file this Complaint is November 8, 2021. FED. R. CIV. P. 6 (a)(1)(C).

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

By: /s/ Herbert W. Linder
    JONATHAN L. BLACKER
    Attorney, Tax Division
    Texas Bar No. 00796215
    HERBERT W. LINDER
    Ohio Bar No. 0065446
    Department of Justice
    717 N. Harwood, Suite 400
    Dallas, Texas 75201
    (214) 880-9765/(214) 880-9754
    (214) 880-9742 (FAX)
    Jonathan.Blacker2@usdoj.gov
    Herbert.W.Linder@usdoj.gov

    ATTORNEYS FOR UNITED STATES